IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No.: 3:08CR223–HEH |
| ) | Civil Action No.: 3:16CV395–HEH |
| ANTOINE LAMONT REED, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
(Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody)

Petitioner Antoine Lamont Reed ("Reed") entered a plea of guilty to Conspiracy to Distribute and Possession with the Intent to Distribute More than One Kilogram of Heroin (Count 1), in violation of 21 U.S.C. § 846(a)(1), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count 2), in violation of 18 U.S.C. § 924(c)(1)(A). On September 12, 2009, he was sentenced to 120 months on Count 1 and 60 months on Count 2. As required by 18 U.S.C. § 924(c)(1)(A), the 60 month sentence on the charge of possessing a firearm in furtherance of a drug trafficking crime was consecutive to the sentence imposed on Count 1. No appeal was noted in his case. Reed is presently serving his sentence at the Federal Correctional Complex, Petersburg, Virginia.

Reed urges the Court to vacate his conviction on Count 2. His claim to relief under 28 U.S.C. § 2255 (the "§ 2255 Motion", ECF No. 36), however, is based on a misinterpretation of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In order to qualify for relief under 28 U.S.C. § 2255(a),

Reed must demonstrate that the sentence imposed in his case was "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . ." 28 U.S.C. § 2255(a). Furthermore, petitions seeking relief under § 2255 must be filed within one year of "the date on which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(1) and (3). Reed's § 2255 Motion satisfies neither requirement for relief.

Initially, Reed's § 2255 Motion is predicated on a misreading of the Supreme Court's ruling in *Johnson*. The Court in *Johnson* found that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), was prohibitively vague and violated the Due Process Clause. *Johnson*, 135 S. Ct. at 2563. Reed, however, was not convicted under the ACCA provisions challenged in *Johnson*. He was convicted under 18 U.S.C. § 924(c)(1)(A), providing enhanced punishment for use of a firearm in connection with a drug trafficking crime. That code section contains none of the language found problematic in *Johnson*, specifically the phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at 2555–56 (quoting 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis removed)). That portion of the ACCA pertaining to armed drug trafficking remained untouched by the *Johnson* decision. Furthermore, this Court declines the invitation to extend the holding in *Johnson* to convictions under 18 U.S.C. § 924(c) as Reed seems to suggest.

2

The § 2255 Motion presently before the Court was filed on June 20, 2016. Reed's conviction was final on September 12, 2008 when sentence was imposed in his case. Since the decision in *Johnson* is inapplicable to Reed's case and provides no basis for relief, his petition is barred by the one year limitation set forth in 28 U.S.C. § 2255(f)(1).

For the foregoing reasons, Reed's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence will therefore be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Reed has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Nov. 15, 2016
Richmond, VA